UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOETTA VEST,<br><br>                Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1-20, inclusive,<br><br>                Defendants. | Case No. 23-cv-02323-JD<br><br>**ORDER RE JOINDER AND REMAND** |

Plaintiff Joetta Vest alleges that she was struck by a stack of grocery carts as they were being moved by an employee of defendant Costco. Dkt. No. 1. She sued Costco and Does in the Santa Clara Superior Court on claims for negligence and premises liability. *Id*. at ECF p. 11-13. Costco removed the action to this Court on diversity jurisdiction. Dkt. No. 1. Vest subsequently learned the identity of the Costco employee allegedly responsible for the incident, Alex Madrigal, and asks to amend the complaint to reflect that change. Dkt. No. 23. Vest also asks for a remand because she and Madrigal are both California citizens. *Id*. (citing 28 U.S.C. § 1447(e)). Costco objects that Vest is attempting to join a non-diverse defendant for the purpose of destroying subject matter jurisdiction. Dkt. No. 24. Leave to amend is granted, and the case is remanded.

The question of permitting *vel non* the joinder of a non-diverse defendant after removal is entrusted to the Court's sound discretion. 28 U.S.C. § 1447(e); *Arbis v. Sonesta Int'l Hotels Corp.*, No. 22-CV-05863-JD, 2023 WL 149106, at *1-2 (N.D. Cal. Jan. 10, 2023) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). "In exercising the discretion granted by Congress in Section 1447(e), the Court considers the potential prejudice to [the plaintiff], the balance of equities, and whether injustice would occur if joinder were denied." *Arbis*, 2023 WL 149106, at *2. (internal quotation omitted). When "a facially bona fide claim

against a non-diverse defendant is stated, amendment is sought early in the litigation and does not appear to be sought for a dilatory purpose, and no prejudice to the named defendant exists, the court should exercise its discretion in favor of leave to amend, and permit plaintiffs to join the non-diverse party." *Najera v. Steelhead Fabrication*, No. 14-CV-02070-JD, 2014 WL 4100665, at *2 (N.D. Cal. Aug. 20, 2014) (internal citation and quotation marks omitted).

The circumstances here weigh in favor of joinder and remand. To start, the record indicates that this is not a situation where a party ginned up a new defendant just to get of federal court. From the get-go, Vest has consistently alleged individual liability by the responsible employee. *See* Dkt. No. 1 at ECF pp. 12-13 (original complaint). She promptly asked to amend with Madrigal's identity after learning of it through discovery. *See* Dkt. No. 23 at 1-2. Costco does not contest any of this, or that Madrigal, like Vest, is a citizen of California for diversity jurisdiction purposes.

Costco's main objection is that Madrigal is of no moment as a party because Costco is liable for employee negligence. *See* Dkt. No. 24 at 5. But the claims against Madrigal are facially plausible on their own, and Costco has not established otherwise, or that the case will necessarily turn solely on Costco's own conduct irrespective of Madrigal's actions. Costco also did not demonstrate that it will be prejudiced in any way by litigating this case in California state court. In the absence of countervailing factors, Vest is entitled to have her case heard in the forum of her choice, namely the Superior Court.

Consequently, Vest will file the amended complaint as a separate docket entry by February 20, 2024. The case will be remanded to the Santa Clara Superior Court upon the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: February 12, 2024

JAMES DONATO
United States District Judge